IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | | |
|---|---|---|
| Larry D. Frye, | ) | Case No.: 9:20-cv-03011-JD-MHC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation of United States Magistrate Molly H. Cherry ("Report and Recommendation" or "Report"), made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] Plaintiff Larry D. Frye ("Frye" or "Plaintiff") was previously incarcerated at the FCI in Edgefield, South Carolina, during all times relevant to the Amended Complaint. Plaintiff filed suit against the United States of America ("Defendant" or "United States") and alleged in Count One of his Amended Complaint, pursuant to the Federal Tort Claims Act ("FTCA"), that medical staff at FCI Edgefield were negligent and breached the applicable standard of care with respect to the medical care provided to him. In Count Two, Plaintiff alleges that Defendant failed to provide him necessary medical services which "deprived Plaintiff of his right to be free from cruel and unusual punishment as guaranteed by the Eighth Amendment." (DE 28, p. 10.) Plaintiff seeks to recover a judgment against the Defendant, as to Counts One and Two, in the form of compensatory

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

damages totaling no less than $600,000, plus attorneys' fees and costs (DE 1-1.) Defendant moved to dismiss Count Two, and any other constitutional claims presented in Plaintiff's Amended Complaint, pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. Plaintiff did not oppose Defendant's Partial Motion to Dismiss the Amended Complaint.

On June 22, 2021, the Magistrate Judge issued a Report and Recommendation, recommending that the United States' Partial Motion to Dismiss be granted because the doctrine of sovereign immunity shields the United States from suit absent its consent and any assertions by Plaintiff of constitutional violations are not cognizable under the FTCA. (DE 34.)

The Plaintiff filed no objections to the Report and Recommendation. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). After a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation and incorporates it herein.

It is, therefore, **ORDERED** that the United States' Partial Motion to Dismiss the Amended Complaint (DE 32) is granted; and accordingly, the Court dismisses Count Two of the Amended Complaint and any other constitutional claims presented in the Plaintiff's Amended Complaint with prejudice.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Greenville, South Carolina
August 4, 2021

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.