## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| LARRY D. FRYE, | ) | |
| | ) | |
| Plaintiff, | ) | C/A No. 9:20-cv-3011-MHC |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Before the Court is Plaintiff's Motion for Attorney Fees and Expenses. ECF No. 104.

Defendant filed a Response in Opposition, ECF No. 105, and Plaintiff filed a Reply, ECF No. 106.

The Motion is ripe for review.

In October of 2022, a non-jury trial was held on Plaintiff Larry D. Frye's claims against

Defendant United States of America, pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346,

2671, *et seq.* ("FTCA"). On August 25, 2023, judgment was entered in Plaintiff's favor in the

amount of ninety thousand and no/100 dollars ($90,000.00). ECF No. 103. On September 22, 2023,

Plaintiff filed a Motion for Attorney Fees and Expenses. ECF No. 106. Plaintiff is seeking an

award of attorneys' fees in the amount of 25% of the judgment, or $22,500.00, and an award of

nontaxable litigation expenses in the amount of $54,614.45.[1]

---

[1] Plaintiff's counsel submitted an affidavit establishing that his firm represented Plaintiff on a twenty-five percent contingency basis, which is less than his firm's customary forty percent contingency basis. ECF No. 104-1 at ¶ 15. He further testified that he and his co-counsel spent at least 140 hours at the trial of the case and that a reasonable hourly rate for them is $450 and $350 per hour, respectively. *Id.* at ¶ 18. Plaintiff's counsel also submitted an itemization of the litigation costs and expenses his firm advanced, totaling $54,614.45.

A.    **Attorneys' Fees and Expenses**

The Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), allows for a discretionary award of fees and expenses against the United States "to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award." 28 U.S.C. § 2412(b).[2] Here, there is no common law or federal statute that specifically provides for an award of attorneys' fees or expenses to Plaintiff from the United States.

The FTCA does not expressly provide for the recovery of attorneys' fees or expenses. *See, e.g.*, *Anderson v. United States*, 127 F.3d 1190, 1191–92 (9th Cir. 1997) ("Congress has not waived the government's sovereign immunity for attorney's fees and expenses under the FTCA."); *Joe v. United States*, 772 F.2d 1535, 1537 (11th Cir. 1985) ("The FTCA does not contain the express waiver of sovereign immunity necessary to permit a court to award attorney's fees against the United States.").

The reference to attorneys' fees in section 2678 of the FTCA does not make the United States liable for a plaintiff's attorneys' fees but rather limits those fees to twenty-five percent of the judgment, to be taken directly from the judgment itself.  Indeed, section 2678 of the FTCA "was intended to be a limitation upon how much an attorney could receive as a fee in Federal Tort cases, enforced by making it a crime to receive more than the prescribed amount." *United States v. Cohen*, 389 F.2d 689, 691 (5th Cir. 1967). The *Cohen* court further held that the attorneys' right to recover fees should be out of the tort recovery, and "derivative of [the plaintiff's] right in the recovery, and hence necessarily subject to the government's right to set-off against [the plaintiff]." *Id.* at 692.

---

[2] The mandatory fee and expense provision of the EAJA does not authorize attorneys' fees or expenses against the United States in tort cases, such as this one. 28 U.S.C. § 2412(d)(1)(a); *see also In re Turner*, 14 F.3d 637, 640 (D.C. Cir. 1994).

Specifically, section 2678 provides as follows:

> No attorney shall charge, demand, receive, or collect for services rendered, fees in excess of 25 per centum of any judgment rendered pursuant to section 1346(b) of this title or any settlement made pursuant to section 2677 of this title, or in excess of 20 per centum of any award, compromise, or settlement made pursuant to section 2672 of this title.

> Any attorney who charges, demands, receives, or collects for services rendered in connection with such claim any amount in excess of that allowed under this section, if recovery be had, shall be fined not more than $2,000 or imprisoned not more than one year, or both.

28 U.S.C. § 2678.

In this case, the common law "American rule" applies, such that each party to litigation must bear his own attorneys' fees and expenses, regardless of what party prevailed at trial. *Myrtle Beach Pipeline Corp. v. Emerson Elec. Co.*, 843 F. Supp. 1027, 1062 (D.S.C. 1993) (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 249–59 (1975)); *see SIB Dev. & Consulting, Inc. v. Save Mart Supermarkets*, 271 F. Supp. 3d 832, 833 (D.S.C. 2017) (explaining that under the American Rule, each "litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise") (citing *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 253 (2010)). Accordingly, Plaintiff is not entitled to an award of attorneys' fees or expenses[3] under the EAJA or the FTCA.

---

[3] In its Response in Opposition to Plaintiff's Motion, Defendant argues that Plaintiff did not timely move for costs and that most of the expenses Plaintiff seeks to recover are not recoverable costs against the United States pursuant to the Bill of Costs statute, 28 U.S.C. § 1920. In his Reply, Plaintiff reiterates that he is seeking "an award of reasonable attorney fees and *expenses*," and he contends that under the plain language of the EAJA, "allowable expenses are not limited to those enumerated under the Bill of Costs Act, but also include 'in addition' the reasonable expenses incurred by Plaintiff's attorneys in prosecuting this case." ECF No. 106 at 3 (emphasis added). As noted above, however, the section cited by Plaintiff in support of his argument, 28 U.S.C. § 2412(b), only applies "to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award." While Plaintiff does not specifically reference "costs" in his Motion, to the extent Plaintiff intends to seek taxable costs, pursuant to Rule 54 or 28 U.S.C. § 1920, the issue is addressed further below.

The evidence before the Court is that the attorney fee charges by Plaintiff's counsel, specifically the 25% contingency, falls within the statutory limits of the FTCA. Based upon the agreement between Plaintiff and his counsel, these attorneys' fees must be taken from, not provided in addition to, Plaintiff's damages award.[4]

### B.    Costs

The items identified by Plaintiff on his litigation expenses include certain costs, some of which may be recoverable against the United States. ECF No. 104-1. The EAJA provides that "[e]xcept as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States . . . ." 28 U.S.C. § 2412(a)(1). Section 1920 delineates the costs that may be reimbursed:

> (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under section 1923 of this title; (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Costs not specifically enumerated in section 1920 may not be awarded. *See Markle v. United States*, No. 3:13-CV-138, 2016 WL 3033747, at *1 (N.D.W. Va. May 26, 2016) (citations omitted). Awarding costs under section 1920 is within the Court's discretion. *Id.* at *2 (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987)).

Defendant contends that, to the extent Plaintiff is seeking recovery of costs, Plaintiff's Motion is untimely, as he did not file his Motion within 14 days after entry of judgment, nor file a

---

[4] The parties have not submitted any statutory or case law limiting the amount of nontaxable litigation expenses for which a Plaintiff may be responsible. Accordingly, while the litigation expenses must ultimately be paid from, not provided in addition to, Plaintiff's damages award, such should be done in conjunction with the terms of Plaintiff's agreement with his counsel.

bill of costs within the time frame set forth in Local Rule 54.03, D.S.C. ECF No. 105 at 9.  Plaintiff

maintains that his Motion was timely under the EAJA's 30-day deadline to apply for expenses.

Contrary to Plaintiff's contention, § 2412(d)(1)(B) does not provide a 30-day period for

filing an application for taxable costs. ECF No. 106 at 2. Rather, § 2412(d)(1)(B) provides 30 days

to file an "application for fees and other expenses," and § 2412(d)(1)(A) expressly distinguishes

such fees and other expenses as being "in addition to any costs awarded pursuant to [§ 2412(a)]."

In contrast to the 30-day period for an application for fees and other expenses, § 2412(a) does not

address time limits for filing an application for costs. *See* § 2412(a). Nor does any other provision

in the EAJA address time limits on an application for costs, such that the Federal Rules of Civil

Procedure and local rules apply.

Plaintiff requested allowable costs at the time he submitted his proposed findings of fact

and conclusions of law, such that the Court finds Plaintiff moved for costs in advance of the 14-

day time referenced in Rule 54 of the Federal Rules of Civil Procedure. However, Plaintiff did not

file his expense exhibit itemizing his costs until 28 days after judgment was entered. Moreover,

the Court agrees with Defendant that most of the costs listed by Plaintiff in the exhibit attached to

his Motion are not taxable costs pursuant to 28 U.S.C. § 1920.[5]

---

[5] *See, e.g., Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 439 (1987) ("[W]hen a prevailing party seeks reimbursement for fees paid to its own expert witnesses, a federal court is bound by the limit of § 1821(b), absent contract or explicit statutory authority to the contrary."); *see also LaVay Corp. v. Dominion Fed. Sav. & Loan Ass'n*, 830 F.2d 522, 528 (4th Cir. 1987) ("[T]he Supreme Court has recently decided that expert witness fees, absent explicit statutory or contractual authority, are not taxable as costs."); *De Thomas v. Delta S. S. Lines, Inc.*, 58 F.R.D. 335, 344 (D.P.R. 1973) (Fees "for the private enlightenment of counsel" are not taxable.); *Birth Control Centers, Inc. v. Reizen*, 652 F. Supp. 192, 197 (E.D. Mich. 1986) (consultation costs are not allowed under a fee shifting statute or § 1920); *Romero v. CSX Transp., Inc.*, 270 F.R.D. 199, 205 (D.N.J. 2010) ("Plaintiff's request to tax as costs the fee incurred in connection with court-ordered mediation will be denied. A mediation fee falls outside the parameters of 28 U.S.C. § 1920, and Plaintiff has raised no statute or rule authorizing the shifting of this fee as a taxable cost."); *In re Terry Mfg. Co., Inc.*, No. 03-32063, 2007 WL 1491086, at *3 (Bankr. M.D. Ala. May 21, 2007)

Nevertheless, the Court must determine whether there is a basis for extending Plaintiff's deadline for submitting his bill of costs under Local Rule 54.03, and, if so, what taxable costs on the exhibit provided by Plaintiff are recoverable. On these issues, additional briefing should be allowed. The Court also finds that, in light of the denial of Plaintiff's request for an award of other expenses under the EAJA, Plaintiff should be granted leave to file an amended Bill of Costs, using the Form AO 133 provided on the District Court's website, seeking only those taxable costs permitted by 28 U.S.C. § 1920.

Accordingly, the Court grants Plaintiff fourteen days from the date of this Order to submit argument regarding an extension of the time frame for filing a bill of costs under Local Rule 54.03, D.S.C., and to file a Bill of Costs using Form AO 133. Defendant will have fourteen days thereafter to file any response.

Based on the foregoing, it is hereby **ORDERED** that Plaintiff's Motion for Attorneys' Fees and Expenses be **DENIED.** Plaintiff's Motion for Costs is held in abeyance until further briefing from the parties and the filing of a Bill of Costs using Form AO 133.

      **IT IS SO ORDERED**.

Honorable Molly H. Cherry
United States Magistrate Judge

Charleston, South Carolina
November 2, 2023

---

(denying "request for the reimbursements of lodging, meals, gasoline and various other expenses for the Trustee's attorneys [because those] fees are not authorized by 28 U.S.C. § 1920, and therefore, are not taxable"); *King v. JCS Enterprises, Inc.*, 325 F. Supp. 2d 162, 174 (E.D.N.Y. 2004) ("JCS's attorneys could not have billed a private client for meals, as attorneys eat whether they are on the job or not."); *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996) (parking charges not taxable).